UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GARY J. MUTH, SR.  CIVIL ACTION
  AND DIANNA MUTH

VERSUS  NO: 13-5070

ALLSTATE INSURANCE COMPANY  SECTION: "N" (2)

## ORDER AND REASONS

Presently before the Court are three motions in limine filed by Defendant. Having considered the parties' submissions, the Court rules on the motions as follows:

(1) **IT IS ORDERED** that Defendant's motion in limine seeking to limit the testimony of Mark Treadaway and to exclude his January 30, 2014 Estimate (Rec. Doc. 54) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is granted to the limited extent that Mr. Treadaway will not be allowed to offer an expert opinion, pursuant to Rule 702 of the Federal Rules of Evidence, relative to causation. The motion is denied, however, to the extent that it seeks to preclude opinion testimony by Mr. Treadaway that is rationally based on his perception, helpful to understanding his testimony or determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Fed. R. Evid. 701. The motion likewise is denied relative to the January 30, 2014 estimate insofar as it is shown to reflect the actual labor and materials that Mr. Treadaway has provided for the property at 4987 Lisa Ann Street, Barataria, Louisiana. This ruling, however, does not preclude Defendant from asserting other evidentiary objections at trial, if warranted, to the admissibility of the estimate, and/or presenting argument relative to the weight it should be given. Moreover, Defendant will be

given a wide berth for cross-examination as to the other matters raised in this motion.

(2) **IT IS ORDERED** that Defendant's motion in limine seeking to preclude Plaintiffs' use of the January 29, 2014 "Limited Microbial Assessment" by Mother Ducts Environmental, LLC (Rec. Doc. 55) is **GRANTED**. Plaintiffs' expert witness reports were due on December 26, 2013, and Plaintiffs' list of exhibits that may or will be used at trial was due on January 26, 2014. See Rec. Doc. 19. Further, although the report purportedly was prepared on January 29, 2014, at the direction of Plaintiffs' contractor, Mark Treadaway, it was not provided to Defendant until February 27, 2014. See Rec. Docs. 59-1, ¶¶ 10-11, 55-1, p.1. On the showing made, the Court does not find Plaintiffs to have demonstrated good cause for an extension of the Court's deadlines relative to this document.

(3) **IT IS ORDERED** that Defendant's motion in limine seeking to limit the testimony of Daniel Pastrana (Rec. Doc. 56) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is granted to the limited extent that Mr. Pastrana will not be allowed to offer an expert opinion, pursuant to Rule 702 of the Federal Rules of Evidence, relative to causation. The motion is denied, however, to the extent that it seeks to preclude opinion testimony by Mr. Pastrana that is rationally based on his perception, helpful to understanding his testimony or determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Fed. R. Evid. 701.

New Orleans, Louisiana, this 4th day of April 2014.

**KURT D. ENGELHARDT**
**United States District Judge**