UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY J. MUTH, SR. AND DIANNA MUTH | CIVIL ACTION |
| VERSUS | NO: 13-5070 |
| ALLSTATE INSURANCE COMPANY | SECTION: "N" (2) |

**ORDER AND REASONS**

Presently before the Court is a motion for summary judgment (Rec. Doc. 26) filed by Defendant Allstate Insurance Company. On the showing made, **IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

**I. Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

1

nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving

party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. Application of Legal Principles

Having carefully reviewed the parties' submissions, the Court finds that Defendant's motion should be denied as to Plaintiffs' claims regarding wind damage to the dwelling (structure) and their contents (unscheduled personal property). With respect to these claims, Defendant has not demonstrated the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Defendant's payment of undisputed amounts does not thereby entitle it to summary judgment regarding additional disputed amounts as to which relevant evidence has been presented.

Summary judgment in Defendant's favor is proper, however, with respect to Plaintiffs' claims for supplemental payments of "Additional Living Expense" for the time period after January 14, 2013. Specifically, the November 1, 2012 through November 14, 2012 "diary notes" of Allstate adjustor Sonya Bearden reflect a negotiated settlement of Additional Living Expenses ("ALE"), totaling 10,773.98, or $5386.99 per month, only for the time period beginning

November 19, 2012 and ending January 14, 2013.[1]  Regarding the time period *subsequent* to January 14, 2013, Plaintiffs offer nothing more than Mr. Muth's conclusory assertions that this monthly payment arrangement was to continue indefinitely until all repairs to Plaintiffs' dwelling were completed.[2]  Accordingly, the Court grants summary judgment as to any ALE owed for any time after January 15, 2013.

On the other hand, the Court denies summary judgment regarding food expenses of $2,215.17 and fuel expenses of $845.44 allegedly incurred by Plaintiffs between September 10, 2012 and October 11, 2012, while they were still living in a hotel, i.e., prior to the November 19, 2012 commencement date of the period covered by the parties' limited negotiated settlement of ALE.  Defendant's memorandum reflects that receipts for these expenditures were submitted in Plaintiffs' December 6, 2013 discovery responses and discussed during the course of Mr. Muth's December 17, 2013 deposition.[3]  Defendant's submissions do not reflect, however, that Plaintiffs have been reimbursed for these expenditures, or that the expenditures are otherwise not reimbursable under the insurance policy issued to Plaintiffs.[4]

Summary judgment in Defendant's favor also is proper relative to Plaintiffs' claims for "bad faith" relief under La. R.S. 22:1973 or 22:1892.  In short, Plaintiffs' submissions offer

---

[1] See Rec. Doc. 26-8, pp. 3-6.

[2] See Rec. Doc. 45-2, ¶¶ 33, 37-39; Rec. Doc. 45-8.

[3] See Rec. Doc. 26-4, pp. 16-17; Rec. Doc. 26-18, pp. 28-29 (pages 108-109 of Mr. Muth's deposition transcript).

[4] Although Defendant's submissions reflect an additional ALE payment of $3,553.87, this amount was paid on September 18, 2012.  See Rec. Doc. 26-6, pp. 47-49. Ms. Bearden's November 9, 2012 notes also reflects that, as of that date, Plaintiffs would be submitting "meals out receipts to date & [an] addit[ional] mileage log at a later date."  See Rec. Doc. 26-8, p.5.

nothing more than conclusory statements and unsupported argument by counsel regarding their assertions that Defendant acted "arbitrarily and capriciously" in failing to pay the additional sums sought by Plaintiffs.[5]  Accordingly, the Court finds that Plaintiffs have failed to point to specific evidence demonstrating the existence of a genuine dispute of material fact regarding this issue.[6]

      New Orleans, Louisiana, this 7th day of April 2014.

                                                 **KURT D. ENGELHARDT**
                                                 **United States District Judge**

---

[5] See Rec. Doc. 45, pp. 15-16.

[6] For instance, although a dispute apparently exists relative to whether the windows in Plaintiffs' dwelling, among other things, should be replaced by Defendant because of covered wind damage, Plaintiffs fail to point to any evidence explaining why Defendant's failure to pay for new windows constitutes arbitrary and capricious conduct.